We're not going to ask you to switch seats, even though it's going to be very hard for us to get together on this one. Thank you, Your Honor. May it please the Court. Which side are you on? I'd actually like to start just by wrapping up one point from before. I hope you'll indulge me since I talked about the 2.1 issue during the first argument. I just want you to know that if you respond to an issue in the earlier appeal, we're going to have to give the other side an opportunity to respond to that. That's absolutely fine. I just wanted to say that this point we're making about whether or not it's appropriate to enjoin them from practicing the patents, if you can't enjoin them from practicing the patents, then all of a sudden the District Court has no power to really enforce the contract in a way that has any teeth. That's really problematic for us because our view is this entire case, this entire situation exists because they are trying to walk away from their obligations to maintain and honor our exclusivity and invade our field of use. If there's not some way to stop that, if there's not some possible mechanism to prevent our irreparable harm, then that just deprives the District Court of any power to enter any meaningful remedy here. I'd like you to proceed to this case. Let's talk about this case. At page 53 of Infineon's opening brief in the first appeal, it argued that the entirety of the original preliminary injunction needed to be vacated because the District Court hadn't made detailed findings supporting the inclusion of design and development activities in the injunction. It talks about that issue at least four different places in the first appeal and collectively spends more than 10 pages on that issue. Meanwhile, at the exact same time, it was making arguments about design and development, largely for the first time, to the District Court in its motion to modify. Can I ask you some questions about 62C? I don't really understand exactly how it operates, so I want to ask you about it. I've read some cases that have applied 62C, and I've looked at the language, and I think that what it says is that a District Court can modify or suspend its injunction during the pendency of an appeal. Correct. Wait. Just only during the pendency of the appeal. In other words, once the appeal is over, it's kind of like a stay pending appeal. You can modify the injunction during the appeal process. Once the appeal is over, it's the first injunction, the original injunction, that would go into effect if this court were to say that that injunction was properly granted. Is that correct, my understanding, or does the second injunction entirely eliminate the first injunction? You are correct that Rule 62C says that the District Court can modify the injunction during the pendency of the appeal of the original injunction. The courts have construed that permission to modify to be limited to very narrow circumstances, though. Do you agree it's only during the pendency of the appeal? I just want you to answer my narrow question before you get into these narrow times in which it can occur. That's my understanding. If the original injunction is affirmed, then jurisdiction goes back to the District Court. And at that point, if you wanted to move to modify or move to stay or move to vacate, all of those motions could be made. Okay. Going back to what I was talking about, though, with the fact that Infineon was making the same arguments, the District Court, at the same time that it was making those arguments to Your Honors. That's what's not supposed to happen. That is the jurisdictional point where courts have said it causes chaos, it wastes our time, it wastes the District Court's time for both us and the District Court to be addressing the same issues at the same time. And the modifications that are allowed in the Ninth Circuit under Rule 62C are very, very narrow and don't apply here. There are things like clarifying the injunction, which isn't what happened here. What happened here is there was a substantive modification. It just struck me that if we took the case first, and you note that your friend has 10 pages of briefing, and we were to decide that he's right on that question, and therefore the injunction is too broad, does that just completely moot out this case in its entirety, the second appeal? If you decide that it's unambiguous that 2.1 is in their favor in their reading, then I think it does moot it. If you decide that it's unambiguously in MACOM's favor, certainly it's not mooted. Let me make sure, because that's not what I was saying. If we find for them on that argument and conclude in the context of this first appeal that the paragraph was too broad, at least because it included the design and development stuff. If we find for them on that issue, does that moot in its entirety the second appeal? Because it doesn't matter anymore. If what you are doing is taking the original injunction and affirming it in part and redlining it in what happens to be the same way that the district court ultimately redlined it, then I think, yes, that probably moots the second appeal. That's sort of where I was going, too, and that is exactly what you said. I don't know that it moots it in the sense that if we want to send it back down and say, no, you can't do this, but we sort of like your language, if it's moot, it's nonexistent, so how do we do that? If it's moot, it being the preliminary injunction? No, no, no. It being the appeal. The second appeal. Yeah. I mean, I think, well, this would be the road map, I think, that they would propose, not the one that Macon would propose. And we appreciate that. We appreciate your assistance. I mean, I think what you could do is you could say, we affirm the injunction, except to the extent that it includes design, development, manufacture, use, and basically redline it out. In the first appeal. I do think that there's a little bit of a logistical problem in the sense that the parole evidence was not before the judge as part of the first appeal, and the California law does require that he get the parole evidence to see if there's a latent ambiguity. We think that both the parole evidence and the plain language favor our view. So we could just send it back. You're shaking your head. I'm shaking my head no, but I'm agreeing with you. We could just send it back and say. Clean up his record. Yeah, do it over again. And by the way, we liked what you had to say. I mean, we do think that there are, to the extent that you disagree with us on the parole evidence or the ambiguity question, we do think that there's also some factual questions embedded in the parole evidence. There's credibility questions. Ultimately, some of those questions may have to go to a jury. And so the right solution may be to vacate the portion of the injunction that relates to design and development, leave the rest in place, and send it back to the district court to sort out what happens with the rest. I'm sorry, to go to a jury in a preliminary injunction context? I'm sorry. What's the scenario? Well, so you would be striking it out, but then ultimately we will get to trial in this case where there'll be questions about the parole evidence that need to be resolved. With regard to the permanent injunction, not bringing back the question. Not bringing it back. To the permanent injunction. That's right. The judge might not decide it now. It might wait. Yeah. Just hypothetically, and I know you don't agree with this, but what if in the first appeal we were to strike the third paragraph or suggest that there be a strike here in the third paragraph? That would definitely moot this issue in the second appeal. It would moot it, but we would absolutely disagree with that result. Which would take all the teeth out of the injunction. Okay. I do want to make one more point in addition to what I said earlier about the reading of section 2.1. I think that when you compare the original injunction to the revised injunction, which takes out the design and development language, what you end up with is language that reads in a way that's almost nonsensical. Because there really is a rewriting of section 2.1 in the revised injunction. So what happens then is that the revised injunction says that Infineon may not offer to sell, sell, or service, nor may it market, sell, or service. So you suddenly have this repetition that has really rewritten section 2.1 in a way that we think is incorrect. I think you've already answered this, but what work, if you're correct in your interpretation, what work is the notwithstanding the foregoing doing? It's agreeing that IR could go ahead with that testing of products that were designed to operate below 100 megahertz, but in some instances might operate above because these things have a range of frequencies. And there's a whole host of parole evidence on that issue. Okay. Thank you. We'll reserve the remainder of your time for rebuttal. Mr. Willey? Well, Your Honor, since Ms. Tesser mentioned something from the first appeal, I'd like to briefly respond to that. And her point was that the district court would have no power to enforce the contract if this provision of the injunction is removed. We disagree, Your Honor. There is a way for the district court to enforce the injunction, and this was one of the points of error that we did not discuss in the argument of the other appeal. And that is they could meet their burden to show a likelihood of success in the merits that that provision had been breached, and then show that they were irreparably harmed because of that breach. Because to do that, they would have to show that we actually did violate the exclusive license. They would have to show that we infringed the patents. And then we would have a product. We would have claim construction, et cetera, all the things we don't have now because they never even attempted it. But I think her point, which is a fair one, which is that if you delete paragraph three, then there's no teeth. I mean, the injunction has no teeth. So assuming that we agree with the district court that there was a likelihood of success and that there was irreparable harm, what is the impact or the import of this injunction in the absence of that specific language? The import of the injunction in the absence of that specific language is that the contract still exists rather than having been terminated, which is the only thing they move for likelihood of success on, which is the only thing that should have been the scope of the district court's order. In other words, it still exists so they can enforce it. Right. They can enforce it against us if we breach the contract. And that would have been the same result that would have obtained had we not terminated the contract. In other words, showing a likelihood of success on breach of one contractual theory doesn't entitle you to specific performance of other provisions of the agreement. Okay. Why don't we move on to this appeal? Okay. So there were several questions asked about mootness of the second appeal. So to make this simple, if this court decides any of the other issues raised in the first appeal, except for the issue about section 2.1, if it decides any of the other issues in our favor, that moots this appeal. And it also avoids the need for the court to address the jurisdictional issue. Okay. Now, I would like to respond to basically the question that Judge Stoll asked about whether or not the change in the injunction is effective. Assuming this court didn't do anything, if it just sort of remanded the injunction, would we go back to the original injunction or would we stay with the modification? I believe the rule prescribes when the court can make a modification. It's simply giving the district court the power to make the modification while the appeal is pending. But if the appellate court doesn't do anything to that modification, that modification would persist even after remand. And I think the natural resources defense counsel case that we cited in our brief is an example of where that would make sense because that was a permanent injunction. And there the Ninth Circuit said that the district court had the power to modify the permanent injunction while the case was on appeal to clarify a couple of provisions, which substantively changed what the defendant was ordered to do in that case. But there wouldn't be any subsequent litigation after that because it was a permanent injunction. So that stayed part of the permanent injunction after remand. So we would say that that rule is simply giving the district court power during the appeal to do something, which it might not otherwise have because jurisdiction passes to this court. I understand your reading of it that way. And that's why I asked the question, because I can read it that way and then I can also read it the other way that I was suggesting. And I saw a couple cases that suggested the other reading. But anyway, I appreciate your answer on that. Okay. So now I would like to address the state of the record with respect to the parole evidence. Because both parties put the parole evidence into the record for the first appeal without objection from the other party. There is a case that we cite. It's in the appendix at page 2753. Dakota Industries versus Dakota Sportswear, 988F2nd61. That's a case out of the 8th Circuit from 1993. And what that case says is that the appellate court has the power to consider additional evidence that was not in the record before the district court if the evidence was offered to correct a misrepresentation, intentional or otherwise. And that's stated explicitly. We're not saying they intentionally misrepresented something. But there was a misrepresentation. There was an argument that the language in the second sentence of section 2.1, that the verbs, market, sell, service, were a shorthand for the verbs in the first sentence. And so we offered parole evidence to rebut that misrepresentation. And remember, the district court had no briefing about the meaning of this language before that. That goes to the merits. It does go to the merits, Your Honor. There was no briefing, though, on likelihood of success on the merits as to what that provision meant because there was no motion for a preliminary injunction for an alleged violation of that provision. So there had been no briefing on the meaning of that language prior to that time. Do you think that what the district court did did not materially alter the status quo? Excuse me, Your Honor. What the district court did in what respect? Modifying the injunction. Well, that depends upon what the status quo means. And I don't think that's clear from the Ninth Circuit case law. But the Natural Resources Defense Council case, which I referred to earlier, which we rely upon in our brief, there was a specific water test that someone was supposed to do, and it was modified to be a much more- Well, it was no good either way, the injunction. I'm sorry. You're saying it was narrowed as we requested, but either way it was invalid. Well, we certainly contend in the first appeal that the injunction should never have been issued in the first place. So you were the one who asked for it to be narrowed. Right. And we asked for it to be narrowed. And what we think the Ninth Circuit is referring to when it talks about preserving the status quo is preserving the intent of the injunction, because that's really what Natural Resources Defense Council decided happened there, that the requirements for the defendant were changed. The injunction was modified for more specific requirements, but that that was consistent with the original intent of the injunction. The intent of this injunction was to specifically enforce Section 2.1. Now, we, of course, contend that's improper, but- What about power controls v. hibernetics? Okay, so power controls versus hibernetics deals with sort of the other side of this, which is interfering with the jurisdiction of the appellate court. And there, what the Ninth Circuit has said is that, does the change by the district court affect the core issues on appeal? There's a big difference factually between this case and the case the court cited. In that case, there was a change of the findings of fact and conclusions of law, which more or less changed the question the appellate court had to answer and may have even required rebriefing, depending upon how extensive those are. That's not really discussed in the case, but the implication is it was three days before oral argument. The Federal Circuit thought it was deciding one set of issues based on findings of fact and conclusions of law. Now, suddenly, it has different findings of fact and conclusions of law to deal with. What we have not seen in the Ninth Circuit is a case like this one, where the change by the district court simply moots one of the issues before the court. There's four other issues before this court that are the core issues on appeal. Supposing it mooted all of them? Suppose that it mooted all of them? Yes. Simply moots, you say. Suppose it simply mooted all the issues. That could be good from the standpoint of judicial economy taking another case off this court's docket. What is unclear from the case law is whether or not that difference, interfering with the question this court has to answer versus simply removing an issue from the court, is an interference with this court's jurisdiction. I don't think the Ninth Circuit cases answer that question. With respect to Section 2.1, the issues with respect to 2.1, we have always contended that the plain, ordinary meaning of this language means exactly what it says, which is IR, which is now Infineon, has rights throughout the field of use, and that the only rights that are circumscribed are those specifically set forth in the second section of Section 2.1. Our parole evidence, again, was not offered as an interpretation of the contract. It was offered to rebut the misrepresentation that was made by MACOM to the district court in seeking the scope of the injunction that it sought. We would contend that whether the court considers or doesn't consider the parole evidence, that the interpretation of the district court is correct. And below, during the consideration of the motion to modify the injunction, MACOM also contended that the language was clear. However, before this court, MACOM has contended the language is clear, but they've contended it means two different things. On the one hand, they argue that the second sentence really is their Venn diagram that they put in their brief, which, by the way, is not something that was record evidence during negotiation. That's just a demonstrative that they put in their brief. They contend that all the second sentence does is say, we have rights in the field of use outside the exclusive field. In other words, there's no rights given to us in the exclusive field. But then they also present the parole evidence, which the district court found was inconsistent with the plain language and couldn't be reconciled with the plain language of the agreement. They also present the parole evidence saying, well, we did get some rights in the exclusive field. It's just limited to this very narrow area of testing, which doesn't make any sense because, of course, if the parties wanted to carve out a narrow area for testing, that's what they would have done rather than taking out all the verbs from the first sentence from the second sentence, which is what they actually did. So they not only have presented conflicting interpretations of the language to the district court, they've presented conflicting interpretations to this court in their briefing. The finding by the district court is the correct interpretation of the language. One other alternative for this court, if the court decides that they agree with the district court's interpretation, but think that the district court did not have the power to modify the injunction for whatever reason, this court could treat the finding as an indicative ruling under Rule 62.1. And then in the first appeal, do exactly what the district court did in modifying the injunction. Advisory, as it were. Well, that's exactly what Rule 62.1 allows a district court to do. And just to be clear, we offered the district court those options. We said the district court could stay this. It could issue an indicative ruling. And we felt the district court had the power to modify because this case was different in that it mooted an issue rather than changing the question the court was actually going to have to answer. So the district court chose the latter. But if this court decides the district court didn't have that power, it could treat the finding as an indicative ruling and vacate that portion of the injunction in the first appeal. Thank you. I think I heard Mr. Willey say twice that the parole evidence was submitted with the motion to modify in order to rebut a misrepresentation. Which he said was not intentional. Well, I appreciated that because that was not what he said about us below. But, in fact, there was no misrepresentation. We stand by the statement that the second part of that second sentence is shorthand for all purposes that matter in this case. But setting that issue aside, I want the record to be clear here because Infineon, in the context of the motion for preliminary injunction, made a strategic choice to downplay its design activities and its marketing activities in hopes of avoiding the injunction entirely. And it was only when it was clear that that strategy had failed that the parole evidence was submitted for the first time. And that's a strategic decision that they made and that we think that they should be stuck with. Next. I forgot to ask that question. I wasn't going to ask that question. Oh, good. Good, I'm glad I managed to hit one that you forgot to ask. In the Ninth Circuit, the exceptions in which a district court is allowed to modify an injunction while a case is on appeal are narrow. And even though power controls, hibernetics, they argue is a different situation than here, we don't think it's really that different. We don't think it's a difference that matters. But even if you accept that argument, there's a whole body of Ninth Circuit case law that lays out the very narrow circumstances in which you can modify during appeal. None of those circumstances are met here, in our view. The district court wasn't trying to assist you in your exercise of jurisdiction. The district court wasn't clarifying. The district court wasn't putting in a more robust enforcement mechanism. Nothing like that. Those are the exceptions that you find in the Ninth Circuit. I understand what you're saying, but just the statutory language itself. The rule. The rule itself. Yeah. The rule is very broadly. It's more broad. But the Ninth Circuit, the way they have construed that rule is narrower than the language of the rule itself. So the Ninth Circuit has... So the Ninth Circuit should be followed instead of looking at the rule itself, the language of the rule. The Ninth Circuit's interpretation of the rule should be followed. I mean, the Supreme Court, I think in the 1930s, that Morese case, or it might have been the 1960s. There's a lot of old cases we cited to you all. The 30s and the 60s are all the same. Well, but in that case, I mean, the Supreme Court has said that the general rule is that jurisdiction, the district court ends when an order is on appeal, and this is an application of that. Okay. There were some points made about the demonstrative on page 8 of our opposition brief. Your Venn diagram? Our Venn diagram, which I think is a lovely Venn diagram that is helpful to people in understanding. I draw them in the air all the time. I'm not offended by Venn diagrams. We are not at all taking the position that that was created by the parties in 2010. That is something that was created for this litigation. And Finian repeatedly complains about that, but they don't actually point out anything in the Venn diagram that they can test. I think everybody agrees the Venn diagram is an accurate representation of the rights as divided by Section 2.1. Last thing is there were some points made about Rule 62.1 being treated as an indicative ruling. I don't think there's any precedent for doing it that way, or at least I'm not aware of, and they haven't stated it in cases that said that. And so I would just ask, I don't think that that would be appropriate procedurally to do it that way, because I do think that the appropriate thing here would be for the district court to have not considered these issues and made these modifications during the appeal. That's all. We would ask that the first order be affirmed and that the second order be reversed. Thank you. Thank you. We thank both sides, and the case is submitted. And we'll hold on for some comments from the dweller. I just want to say, I want to thank both counsel for a really good representation of your clients, and in particular, Ms. Tesser. You grasp your nettles firmly in the prior case, and I really like to see that when somebody says, okay, in that case we lose. And it's a lesson for my clerks back there in good lawyering. So thank you. Thank you. Thank both sides. Case is submitted. That concludes our proceedings for this morning. All rise. The Honorable Court is adjourned until tomorrow morning. It's at o'clock a.m.